

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00152-CR
### NO. 02-14-00153-CR

DONNELL JUNIOR RANDLES             APPELLANT

V.

THE STATE OF TEXAS             STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NOS. 1179039D, 1312909R

----------

## MEMORANDUM OPINION[1]

----------

In trial cause number 1179039D, the trial court revoked Appellant Donnell Junior Randles's community supervision upon his plea of true to the State's allegation that he violated his community supervision and sentenced him to ten years' confinement for the underlying offense of felony DWI. In trial cause number 1312909R, Randles entered an open plea of guilty to the offense of

---

[1]*See* Tex. R. App. P. 47.4.

aggravated assault with a deadly weapon, and the trial court found the enhancement allegation true and sentenced Randles to twenty-five years' confinement.

Randles's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Randles that he could file a pro se response to the *Anders* brief, but he did not do so. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d

684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 23, 2015